IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-02827-S (BT) |
| | § | |
| $3,900,000 IN U.S. CURRENCY SURRENDERED BY THE KIMBERLY-CLARK CORPORATION, | § | |
| | § | |
| Defendant *in Rem*. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff the United States of America's (the "Government") Motion for Default Judgment and Final Judgment of Forfeiture (ECF No. 12), which the District Judge referred to the United States Magistrate Judge for findings and a recommendation (ECF No. 13). For the reasons explained below, the District Judge should **GRANT** the Motion and enter a default judgment and final judgment of forfeiture.

## ***Background***

The Government filed its Complaint for Forfeiture (ECF No. 1) on October 17, 2025, seeking the forfeiture of $3,900,000 in U.S. Currency (the "Property"), which was surrendered by the Kimberly-Clark Corporation on September 9, 2025. *See* Compl. at 1, ¶ 3 (ECF No. 1). In its Complaint, the Government alleges that the Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it

"constitutes or is derived from proceeds traceable to a violation of the Food, Drug, and Cosmetic Act in violation of 21 U.S.C. §§ 331(a), 333(a)(2) and 351(f)(1)(B)," which is a "federal health care offense pursuant to 18 U.S.C. § 24." *Id.* at 2, ¶ 5.

After initiating this action, the Government posted notice of the impending forfeiture of the Property on an official government website for at least 30 consecutive days, beginning on October 22, 2025. *See* Notice of Publ'n (ECF No. 9). The only known potential claimant is the Kimberly-Clark Corporation, which surrendered the Property "as part of a deferred prosecution agreement filed against the Kimberly-Clark Corporation in the Northern District of Texas under case number 3:25-CR-399-N" and consented to the forfeiture of the Property. Default J. Mot. at 2, ¶ 4 (ECF No. 12); *see also* Deferred Prosecution Agreement at 9, ¶ 10 (ECF No. 1-2) (stating that Kimberly-Clark "consents to entry of an order of forfeiture directed to such [forfeited] funds"). As a part of this agreement, Kimberly-Clark waived "all requirements pertaining to forfeiture set forth in Title 18, United States Code, Section 983, including the filing of a civil forfeiture complaint . . . and notice of the same." Default J. Mot. at 2, ¶ 4 (ECF No. 12); Deferred Prosecution Agreement at 9, ¶ 10 (ECF No. 1-2).

Neither Kimberly-Clark, nor any other claimant who did not receive direct notice, filed a claim for the Property. Default J. Mot. at 3, ¶¶ 4–5 (ECF No. 12). After both the direct notice and publication notice deadlines expired, the Clerk entered a default. Clerk's Default (ECF No. 11). The Government then filed its Motion for Default Judgment and Final Judgment of Forfeiture (ECF No. 12).

## *Legal Standards*

1. Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a default has been entered, the factual allegations of the complaint are taken as true. *U.S. For Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981) and *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge."). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason*, 562 F.2d at 345); *accord Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021) (Brown, J.). Default judgments are "disfavored" and there is "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (cleaned up). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good-faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Id.* at 893 (citing 10 Charles Alan Wright et al., Federal Practice and Procedure § 2685 (2d ed. 1983)).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis for the judgment exists in the pleadings. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although a defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* However, "the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss[.]" *Edmond v. Marathon Petroleum Co., LP*, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

2. Civil Forfeiture

"A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." Fed. R. Civ. P. Supp. R. G(4)(a)(i). The government can publish notice by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C). And

"[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before [60 days after the first day of publication on an official internet government forfeiture site]." Fed. R. Civ. P. Supp. R. G(4)(b)(i).

The notice must be sent "by means reasonably calculated to reach the potential claimant" and must include (1) "the date when the notice is sent"; (2) "a deadline for filing a claim, at least 35 days after the notice is sent"; (3) notice "that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim"; and (4) "the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. R. G(4)(b)(ii)–(iii).

Relevant here, a civil forfeiture complaint must "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2).

And "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a). "Rule E(2)(a) imposes a substantive pleading requirement" and requires the government to "do

more than simply provide greater detail than it otherwise would be required to [provide] under Rule 8 of the Federal Rules of Civil Procedure." *United States v. $49,000 Currency*, 330 F.3d 371, 375 n.8 (5th Cir. 2003). Although "the Government need not prove elements of its case at the pleading stage, . . . [it] must allege facts supporting a reasonable belief that it will be able to bear its burden at trial." *Id.* (emphasis omitted) (internal citations omitted).

### *Analysis*

1. Default judgment is procedurally proper under the circumstances.

First, the Government has shown that all potential claimants to the Property are in default. No potential claimants have filed claims for the Property, and the deadline to file such claims has passed. Default J. Mot. at 2, ¶¶ 3–4 (ECF No. 12). Individuals who do not receive direct notice must file claims by either 30 days from the final date of publication of the notice or 60 days after the first day of publication. *See* 18 U.S.C. § 983(a)(4)(A); Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B). Here, the first date of internet publication on an official government website occurred on October 22, 2025, and the final date of publication was November 20, 2025, meaning the parties who did not receive direct notice needed to file a claim by December 21, 2025. *See* Default J. Mot. at 2, ¶ 3 (ECF No. 12); *see also United States v. 171 "Dehlavieh" Anti-Tank Guided Missiles*, 2021 WL 5310567, at *1–3 (D.D.C. Nov. 15, 2021) (finding that government met notice requirement by posting such notice "on a government-forfeiture site").

The Government has shown that the deadlines for potential claimants who were indirectly or directly notified have passed and no individuals—including the Kimberly-Clark Corporation which consented to forfeiture and waived legal requirements governing notice of forfeiture—have filed claims. Default J. Mot. at 2–3, ¶ 4 (ECF No. 12); *see also* Deferred Prosecution Agreement at 9, ¶ 10 (ECF No. 1-2). Kimberly-Clark is thus in default. *See United States v. $76,273.00 in U.S. Currency*, 2025 WL 1349332, at *3 (N.D. Tex. Apr. 7, 2025) (Rutherford, J.), *adopted by* 2025 WL 1347326 (N.D. Tex. May 8, 2025) (Scholer, J.); *United States v. $39,980 in U.S. Currency*, 2024 WL 4530031, at *3 (N.D. Tex. Sept. 20, 2024) (Rutherford, J.), *adopted by* 2024 WL 4529569 (N.D. Tex. Oct. 17, 2024) (Scholer, J.).

The *Lindsey* factors also support granting default judgment under these circumstances. Because no potential claimant has filed a claim to the Property, there are no material facts in dispute. *See Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant, by his default, admits the [Government's] well-pleaded allegations of fact[.]"). The claimants' failure to file a claim or "otherwise 'respond has brought the adversary process to a halt, effectively prejudicing [the government's] interest' in obtaining forfeiture of the property at issue." *United States v. $932,501.94 in Funds Seized from BBVA Acc. Ending in 8653*, 2022 WL 4227540, at *4 (N.D. Tex. Aug. 31, 2022) (Horan, J.) (quoting *United States v. Fincanon*, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (O'Connor, J.)), *adopted by* 2022 WL 4227520 (N.D. Tex. Sep. 13, 2022) (Scholer, J.). As discussed

above, the Government has shown that the grounds for default are clearly established, and there is no evidence that the default was caused by good-faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893. Finally, there are no facts in the record which suggest that the Court would have to set aside the default, if challenged. Thus, a default judgment is procedurally warranted.

2. There is sufficient basis in the pleadings for entry of a default judgment.

In addition to showing the default judgment is procedurally warranted, the Government's Complaint meets the requirements of Federal Rule of Civil Procedure Supplemental Rule G(2) and pleads sufficient facts supporting entry of default judgment. As explained above, a civil forfeiture complaint must "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2). The Government's Complaint does all the above.

First, the Complaint is verified. Compl. at 6 (ECF No. 1) (including verification from U.S. Food and Drug Administration Special Agent Paul Biba). And the Complaint properly states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue in this District. *Id.* at 1, ¶ 1. The Complaint describes the subject Property with reasonable particularity, explaining that the Property is $3,900,000 in United States Currency which was surrendered to the Government

on September 9, 2025, and is in the custody of the U.S. Marshals Service. *Id.* at 1, ¶ 3. The Complaint also identifies the statutes under which forfeiture is sought: "18 U.S.C. § 981(a)(1)(C) by way of 18 U.S.C. § 1956(c)(7)(F)." *Id.* at 1, ¶ 2.

Finally, the Complaint sets forth sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Specifically, the Complaint alleges that the Kimberly-Clark Corporation introduced adulterated surgical gowns into interstate commerce by marketing and selling these products to hospitals and health care providers throughout the United States and abroad. *Id.* at 3, ¶ 7. As a result, the Kimberly-Clark Corporation agreed to forfeit a total of $3,900,000 to the Government as a substitute for the proceeds Kimberly-Clark received from the violation of the Food, Drug, and Cosmetic Act. *Id.* ¶ 9; *see also* Deferred Prosecution Agreement at 8, ¶ 9 (ECF No. 1-2).

With these facts, the Government has presented a sufficient basis to grant a default judgment on its claim for forfeiture of the Property. *United States v. 9.881 Bitcoins*, 2022 WL 1511773, at *3 (E.D. Tex. Apr. 20, 2022) (finding that civil forfeiture was substantively warranted when defendant admitted that the subject property constituted proceeds derived from criminal activity and voluntarily surrendered property to law enforcement).

### ***Recommendation***

For the reasons explained above, the Court recommends that the District Judge **GRANT** the Government's Motion for Default Judgment and Final

Judgment of Forfeiture (ECF No. 12) and enter a default judgment and final judgment of forfeiture.

**SO RECOMMENDED.**

August 7, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).